*HB*

**Brandon V. Howard**
(PP# 1011006)
Detention Center
8201 State Road
Philadelphia, Pennsylvania 19136

*2673 Bay ave.*
*Trevose, Pa 19053*

---

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| **BRANDON HOWARD**<br>Plaintiff(s) | ) | Case No. **19   5905** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **MICHAEL RIHL**, in his individual and official | ) | |
| capacity as police officer for the Township of | ) | **FILED** |
| Bensalem, Pennsylvania | ) | |
| **TED KRIMMEL**, in his individual and official | ) | **DEC 16 2019** |
| capacity as Police Chief of the Bensalem Township | ) | |
| Police Department | ) | KATE BARKMAN, Clerk |
| **BENSALEM POLICE DEPART.** | ) | By_____ Dep. Clerk |
| **BENSALEM POLICE COMM.** | ) | |
| **BRIAN HESSENTHALER**, in his individual and | ) | |
| and official capacity as Chief Operating Officer of | ) | |
| Bucks County. | ) | |
| **PAUL K. LAGANA**, in his individual and official | ) | |
| capacity as Warden of the Bucks County Prison | ) | |
| **BUCKS COUNTY OFFICE OF THE** | ) | |
| **DISTRICT ATTORNEY**, et al | ) | |
| **DAVID HECKLER**, in his individual and official | ) | |
| capacity as District Attorney of the County of | ) | |
| Bucks | ) | |
| | ) | |
| | ) | |

### §1983 COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**TO THE HONORABLE JUDGE(S) OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Petitioner, **BRANDON HOWARD**, Plaintiff in the above-named action, pursuant to 42 U.S.C. 1983 files the foregoing claim against the Named Defendants in their individual and official capacities for monetary relief and against them for injunctive relief under the doctrine of Danger Creation and asserts:

1) Brandon Howard the above listed Plaintiff, hereafter referred to as Howard, is a Pretrial Detainee, housed originally within the Bucks County Prison and later in the Philadelphia Department of Prisons.

2) Howard claims a special relationship with his custodians, the state, and therefore is reliant on the state, through its agencies and officials, to be provided with basic human needs, paramount among those, safety.

3) Michael Rihl is a police officer with the Bensalem Police Department.

**STATEMENT OF CLAIM**

4) Howard alleges that in October 2019, Rihl intentionally and with malice, submitted a document (see attached "Exhibit A" as part of the discovery, while Howard was housed within the Bucks County Prison.

5) Howard alleges that the document is an intentionally false and damaging representation / depiction of the relationship between himself and the Bensalem Police Department.

6) Howard alleges that the document was created as an attempt to provoke animus, discord and contention within the prison; placing him in danger of immediate harm.

7) Howard alleges that even if believed to be true, the document should not have been released as part of discovery for anyone and the information contained within should have been afforded protection.

8)  Howard alleges that the document was included in the discovery information for a defendant by the name of Spade in order to create a hostile and dangerous atmosphere for Howard within the Bucks County Prison System and the Philadelphia Department of Prisons.

9)  Howard alleges that Rihl acted in a manner with intent to harm or intent to place him unreasonably at risk of harm.

10) Howard alleges the 'Intentional Infliction of Emotional Distress' as a result of Rihl's actions.

11) Howard alleges an Abuse of the Process by Officer Rihl and his supervisors.

12) Howard alleges negligence on the part of Officer Rihl and his supervisors.

13) Howard alleges an intention infliction of a hostile and dangerous atmosphere by Rihl within the Bucks County Prison System and the Philadelphia Department of Prisons.

14) Under a danger-creation theory, there is no 1983 liability absent "an intent to harm" or "an intent to place a person unreasonably at risk of harm." **Uhlrig v. Harder**, *64 F.3d at 573.* A plaintiff must show "sufficient 'affirmative conduct on the part of the state in placing the plaintiff in danger.'" **Estate of B.I.C. v. Gillen**, *702 F.3d at 1187* (quoting **Gray v. Univ. Colo. Hosp. Auth.**, *672 F.3d 909, 916 (10th Cir. 2012)).*

15) The facts of this case as stated by Howard as follows:  In the summer of 2019, Police Officer Rihl arrested Howard; what Howard describes as the culmination of several years of harassment by the officer.  Officer Rihl threatened to make Howards life miserable while he was 'locked up' because of a physical altercation that occurred at the time of arrest and the hostile exchange of words.  Howard had complained to several of Rihl's superiors in the past about Rihl's behavior.  Howard received no response to his complaints.  After the arrest and while housed as an inmate at the Bucks County Prison Howard was approached by an inmate

known to him as 'Spade'.  Spade told him that he was in possession of a form; generated by Rahl that, inter alia, listed Howard as a 'confidential informant'.  The form, circulated throughout Bucks County Prison and became the source of several fights and physical assaults sustained by Howard and resulted in his placement in punitive segregation.  In October 2019 Howard was transferred to Philadelphia Department of Prisons; the Detention Center.  Rumors of the form and the allegation that Howard was a confidential informant followed him to the Philadelphia Department of Prisons resulting in several fights, physical assaults and eventual punitive segregation there as well.

16) In **Commonwealth v. Marsh**, the Supreme Court of Pennsylvania reiterated that the Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. **Commonwealth v. Marsh**, *606 Pa. 254, 260-261, 997 A.2d 318* citing **Commonwealth v. Bing**. *551 Pa. 659, 713 A.2d 56, 58 (1998)* and **Commonwealth v. Roebuck**, *545 Pa. 471, 681 A.2d 1279, 1283 (1996).* "In order to overcome this qualified privilege and obtain disclosure of a confidential informants identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable...Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth." Pa.R.C.P. 573(B)(2)(a)(i); **Commonwealth v. Marsh** at 261 citing **Roebuck**, *supra* at 1283; **Bing**, *supra* at 58; **Commonwealth v. Herron**, *475 Pa. 461, 380 A.2d 1228 (1977).*

17) The court has long recognized the ramifications of the release of information, whether true or false, naming the confidential source of an investigation.

18) The District Attorney's Office of Bucks County by the District Attorney, David Heckler, has an obligation to insure that damaging information is not released to the public or included in the Discovery that is provided against criminal defendants.

## STATEMENT OF INJURIES

19) To state a prima-facie case, the plaintiff must show that his or her danger-creation claim for due-process violations meets a six-part test: (i) the state and individual actors must have created the danger or increased plaintiff's vulnerability to the danger in some way; (ii) the plaintiff must be a member of a limited and specifically definable group; (iii) the defendant's conduct must put the plaintiff at substantial risk of serious, immediate, and proximate harm; (iv) the risk must be obvious and known; (v) and the defendant must have acted recklessly in conscious disregard of that risk. See **Pena. Greffet**, *922 F. Supp. 2d 1187, 1227 (D.N.M.2013)*(**Browning, J.**)(citing **Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.**, *511 F.3d 1114, 1126 (10th Cir. 2008)*).

20) The Petitioner avers:

   a. The document at issue was created by Rihl and submitted knowingly and intentionally as part of the discovery information for Spade.

   b. As an inmate within the Bucks County Prison and the Philadelphia Department of Prisons, Howard is a member of a limited and specifically definable group, relying on the Prison System as well as the Bensalem Police Department for his safety and protection.

   c. Rihl's conduct caused inmates to commit assault and battery against Howard and eventually led to Howard's placement in punitive segregation while housed within

the Bucks County Prison and Philadelphia Department of Prisons, placing

Howard at substantial risk of serious, immediate and proximate harm.

d. The risk of harm was obvious, intentional and a known outcome by Rihl, resulting

from the conduct of Rihl.

e. Rihl acted recklessly in conscious disregard of risk to Howard's safety and well-

being.

21) Officer Michael Rihl acted in a manner that was malicious, with forethought and

actionable under the color of law.

a. "The traditional definition of acting under color of state law requires that the

defendant in a 1983 action have exercised power 'possessed by virtue of state law

and made possible only because the wrongdoer is clothed with the authority of

state law.'" **West v. Atkins**, *487 U.S. at 49 (quoting United States v. Classic, 313*

*U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941)*).

*22)* It has thus been recognized that the threshold inquiry in a 1983 suit is the identification of

the specific constitutional right at issue. Manuel v. City of Joliet, 137 S. Ct. 911, 920, 197 L.

Ed. 2d 312, (2017) (citing **Albright v. Oliver**, *510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed.*

*2d 114 (1994)* (plurality opinion)). Then, "[a] plaintiff seeking relief under 42 U.S.C.

1983 must demonstrate 'that the defendants, acting under color of law, violated the plaintiff's

federal constitutional or statutory rights, and thereby caused the complained of injury.'"

**Black v. Montgomery County**, *835 F.3d 358, 364 (3d Cir. 2016) (quoting* **Elmore v.**

**Cleary**, *399 F.3d 279, 281 (2005))*.

23) Howard alleges a 14th Amendment violation of the United States Constitution; claiming inter alia, that the State shall not deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

24) In conduct, Rihl created a substantial risk of the depravation of life as described in the 5th Amendment of the United States Constitution.

25) Howard requests injunctive relief, requesting that Rihl and the Bensalem Township Police Department be sanctioned against further prejudicial actions against him;

26) Howard requests that Officer Rihl be investigated and removed as an officer charged with the protection and safety of others.

27) Howard seeks compensatory damages, as well as attorney's fees, punitive damages, and the costs of suit.

28) Howard seeks punitive damages in the amount of $1,000,000; pain and suffering in the amount of $250,000 and injunctive relief.

29) The Prison Litigation Reform Act ("PLRA"). 42 U.S.C. 1997e(a), requires that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

    a. The claim specified within arose while Howard was incarcerated within the Bucks County Prison and Philadelphia Department of Prisons.

    b. The Bucks County Prison as well as the Philadelphia Department of Prisons has a grievance process.

    c. The grievance process does not cover the complaints alleged within.

30) In determining whether the danger-creation exception applies, the Tenth Circuit has focused on the deliberateness of the conduct in relation to the caused harm. See **Christiansen v. City of Tulsa**, *332 F.3d at 1281*. The defendant must recognize the unreasonableness of the risk of the conduct and act with an "intent to cause a particularized harm." **Medina v. City & Cty. of Denver**, *960 F.2d 1493, 1496 (10th Cir. 1992),* overruled on other grounds by **Cty. of Sacramento v. Lewis,** *523 U.S. 833, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)*. The intent to place a person unreasonably at risk is present where the defendant is "aware of a known or obvious risk" creating a high probability that serious harm will follow, and the defendant nonetheless proceeds with a "conscious and unreasonable disregard of the consequences." **Medina v. City & Cty. of Denver**, *960 F.2d at 1496*.

31) A government actor's official conduct intended to injure in a way that cannot reasonably be justified by any government interest most likely shocks the conscience. See **Cty. of Sacramento v. Lewis,** *523 U.S. at 849* ("[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."). "[A] plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." **Camuglia v. City of Albuquerque**, *448 F.3d at 1222* (internal quotation marks omitted)(quoting **Moore v. Guthrie**, *438 F.3d 1036, 1040 (10th Cir. 2006)).* "[T]he plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." **Camuglia v. City of Albuquerque**, *448 F.3d at 1222* (alteration in original)(internal quotation marks omitted)(quoting **Uhlrig v. Harder**, 64 F.3d at 574).

**WHEREFORE**, Plaintiff requests that the 1983 claim against the Named Defendants in their individual capacities and their official capacities as State actors, for monetary relief and against them for injunctive relief under the doctrine of **Ex Parte Young**, *209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)* be granted.

Respectfully submitted,

Brandon V. Howard, Plaintiff

11-27-19

Date

# Bensalem Township Police
## Incident Report Form

19-03091
01/29/2019
Drug Violation

### INVOLVED PERSONS

#### ACTOR | CODE ACTOR

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| CULLEN, JESSICA<br>586 LAKESIDE DR<br>SOUTHAMPTON PA 18966 | | 09/17/1991 | | | F | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

#### Link Comments

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| MARION, JUSTIN DAVID<br>1471 VIRGINIA AVE<br>BENSALEM PA 19020 | | 11/13/1988 | | | M | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

#### Link Comments

#### DRIVER | CODE DRIVER

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| POECKERT, GRANT<br>165 WILLOW DR<br>LEVITTOWN PA 19054 | | 05/20/1971 | | | M | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

#### Link Comments

#### INFORMANT | CODE INFORM

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| HOWARD, BRANDON VAUGHN<br>957 BRISTOL PK D-1<br>BENSALEM PA 19020 | | 03/10/1987 | | | | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

#### Link Comments

#### INVOLVED | CODE INVOLV

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| SLEZAK, HARRY<br>5122 HUNTERS CT N *STAYING AT 5856 CRICKET LN*<br>BENSALEM PA 19020 | | 09/29/1968 | | | | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

#### Link Comments

| Name (Last, First, Middle) - Address | Juvenile | Date of Birth | Age | Race | Sex | Ethnic | Social Security Number |
|---|---|---|---|---|---|---|---|
| DEMURO, PAUL H<br>1725 EAGEN CT<br>BENSALEM PA 19020 | | 05/17/1985 | | | M | | |
| | | Weight | Height | Hair | Eyes | | Phone Number |
| | | Driver License Number | | | State | Class | Expiration Date |
| | | ID Provided | | | ID Detail | | |

#### Link Comments

| 19-03091 | 01/29/2019 | ☒ | APPROVED B MICHAEL RIHL MO23036A | PAGE 2 |
|---|---|---|---|---|
| IRF 1.6 | | | APPROVED C 01/30/2019 | |

HB

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19    5905

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2673 Kay ave. Trevose Pa 19053__

Address of Defendant: __Bensalem Police Dept. Bensalem Pa 19020__

Place of Accident, Incident or Transaction: __Bucks County Correctional Facility__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☒

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/16/19__    _Bradon Howard_    _____
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☒ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Branden Howard__, counsel of record *or pro se plaintiff*, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒  Relief other than monetary damages is sought.

DATE: __12/16/19__    _Branden Howard_    _____
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

HB

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  | CIVIL ACTION |
|---|---|---|
| v. | : | |
|  | : | NO. 19  5905 |
|  | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )  BV.A

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 12/16/19 | | |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 333-5407 | | Howardbeoutlook.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02