# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON HOWARD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5905 |
| | : | |
| MICHAEL RIHL, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**BARTLE, J.**                                                                                                                    **JANUARY 15th, 2020**

Plaintiff Brandon Howard, formerly a pretrial detainee housed at the Bucks County Prison ("BCP"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application for Leave to Proceed *In Forma Pauperis*. Named as Defendants are Michael Rihl, a Bensalem police officer; Ted Krimmel, the Bensalem Chief of Police; the Bensalem Police Department; the "Bensalem Police Comm.;" Brian Hessenthaler, identified as the Chief Operating Officer of Bucks County; Paul K. Lagana, Warden of BCP; the Bucks County District Attorney's Office; and David Heckler, a former District Attorney of Bucks County. For the following reasons, Howard will be permitted to proceed without the payment of filing fees and the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with the exception of one claim against Defendant Rihl that will be permitted to proceed.

## I. FACTUAL ALLEGATIONS

Howard alleges that he was arrested by Rihl in the summer of 2019 after being harassed by Rihl for several years.[1] (ECF No. 3 at 3.)[2] Rihl threatened to "make Howard's life miserable while he was 'locked up' because of a physical altercation that occurred at the time of arrest and the hostile exchange of words." (*Id.*) Howard was detained at the BCP where he was approached by another inmate named Spade who told Howard he was in possession of a form generated by Rihl allegedly listing Howard as a confidential informant for the Bensalem Police Department. (*Id.* at 3-4.) The form was allegedly provided to a criminal defendant as part of criminal discovery in that defendant's case. (*Id.*) Howard asserts that the form became the source of several fights and assaults he sustained while detained at BCP, resulting in his placement in punitive segregation. (*Id.* at 4.) He was later transferred to the Philadelphia Prison System, but the allegation that he was a confidential informant "followed him" resulting in several more fights, assaults and his placement in punitive segregation. (*Id.*) He alleges that Defendant David Heckler, as the Bucks County District Attorney, had an obligation to ensure Howard's alleged status as a confidential informant was not released to the public or included in discovery material provided to a criminal defendant.

Howard alleges claims pursuant to 42 U.S.C. § 1983 on a Fourteenth Amendment state-created danger theory, as well as on theories of intentional infliction of emotional distress, abuse

---

[1] A review of public dockets reflects that Howard was arrested on August 29, 2019 and again on September 4, 2019 by the Bensalem Police Department for violating a protection from abuse order. *See Commonwealth v. Howard*, CP-09-MD-2402-2019; *Commonwealth v. Howard*, CP-09-MD-2457-2019 (C.P. Bucks Cty.). Those cases remain pending. Although Howard submitted an institutional account statement with his application to proceed *in forma pauperis*, it appears that Howard is no longer in custody.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

of process, intentional infliction of a hostile and dangerous atmosphere. (*Id.* at 3, 7.) He seeks as relief that Rihl be removed as a police officer, the Bensalem Police Department "be sanctioned," and money damages. (*Id.* at 7.) Although listed in the caption of the Complaint, Howard makes no substantive allegations against Defendants Krimmel, "Bensalem Police Comm.," Hessenthaler, or Lagana.

## II.     STANDARD OF REVIEW

Because Howard appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Howard is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."

*Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.  Claims Against Defendants Krimmel, "Bensalem Police Comm.," Hessenthaler, or Lagana

Although listed in the caption of the Complaint, Howard makes no factual allegations concerning Defendants Krimmel, "Bensalem Police Comm.," Hessenthaler, or Lagana.  Because Howard presents no cognizable legal claims to which a defendant can respond on the merits, the Complaint will be dismissed as to these Defendants.  However, because the Court cannot say at this time that Howard can never assert plausible claims, these Defendants will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Howard will be granted leave to file an amended complaint to attempt to state plausible claims.

B.  **Claims Against the Bensalem Police Department**

Following the United States Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) providing the governing law for the liability of municipalities under § 1983, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Bensalem Police Department is not a proper defendant in this case under § 1983 and is dismissed with prejudice.[3]

C.  **Claims Against the Bucks County District Attorney's Office and David Heckler**

The Bucks County District Attorney's Office must be dismissed with prejudice because district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997). The claim against David Heckler is also subject to dismissal because prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). The only

---

[3] As discussed later, Howard has also failed to allege any basis for municipal liability. This is an additional reason for dismissing the Bensalem Police Department.

allegation against Heckler is that he apparently provided discovery to another individual in the course of that person's criminal prosecution. Because providing discovery material is "intimately associated with the judicial phase of the criminal process," Heckler enjoys absolute immunity from claims arising from that act.

### D. Claims Against Rihl

Howard asserts claims against Rihl in both his official and individual capacity. The official capacity claims are subject to dismissal under § 1915(e)(2)(B). Claims against municipal officials like police officers named in their official capacity are indistinguishable from claims against the municipality that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To state a claim for municipal liability, a plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Because Howard asserts no policy or custom allegations, his official capacity claims against Rihl are not plausible. The claim will be dismissed without prejudice and Howard will be granted leave to file amended complaint if he can cure the defects the Court has identified.[4]

---

[4] The "official capacity" claims against Defendant Krimmel, Hessenthaler, Lagana and Heckler are also dismissed without prejudice for this additional reason.

The "personal capacity" claim against Rihl asserts § 1983 liability based on a state created danger theory. The essential elements of a plausible "state-created danger" claim under the due process clause are: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all. *See Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006) (collecting cases). At this early stage of the litigation, Howard may proceed on his individual capacity state-created-danger claim against Defendant Rihl.

IV. **CONCLUSION**

The claims against Defendant David Heckler are dismissed with prejudice because the Heckler is immune from suit from the action described in Howard's Complaint. The claims against Defendant Bensalem Police Department and the Bucks County District Attorney's Officer are also dismissed with prejudice because these are not proper defendants in a case under § 1983. All official capacity claims and all claims against Defendants Krimmel, "Bensalem Police Comm.," Hessenthaler, and Lagana are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are not plausible as pleaded. Howard will be permitted to file an amended complaint if he wishes to do so with regard to these Defendants and claims. Additional directions about filing an amended complaint are contained in the attached Order.

Should Howard decide not to amend his pleading, only his individual capacity claim against Defendant Rihl will be served.

                                    **BY THE COURT:**

                                    **/s/Harvey Bartle III**
                                    **HARVEY BARTLE, III, J.**