```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON HOWARD                  :
                                :     CIVIL ACTION
         v.                     :
                                :
MICHAEL RIHL                    :     NO. 19-5905
                                :
```

MEMORANDUM

Bartle, J.                                           July 8, 2020

Pro se plaintiff Brandon Howard brings this action against defendant Michael Rihl, a Bensalem Township police officer.[1] Plaintiff alleges violations pursuant to 42 U.S.C. § 1983 under a "state created danger" theory of liability, along with ancillary state law claims of intentional infliction of emotional distress, abuse of process, and negligence. Before the Court is the motion of defendant Michael Rhil ("Officer Rihl") to dismiss the complaint against him for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, which states

---

[1] Plaintiff also sued: Ted Krimmel, the Bensalem Chief of Police; the Bensalem Police Department; the "Bensalem Police Comm."; Brian Hessenthaler, identified as the Chief Operating Officer of Bucks County; Paul K. Lagana, Warden of Bucks County Prison; the Bucks County District Attorney's Office; and David Heckler, a former District Attorney of Bucks County. On January 15, 2020, this Court issued a Memorandum and Order dismissing claims against all defendants other than Michael Rihl. See Doc. No. 6.

that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

II

The following facts are alleged in the complaint and are taken as true for present purposes. Plaintiff Brandon Howard, formerly a pretrial detainee housed at the Bucks County Prison ("BCP"), alleges that he was arrested by Officer Rihl in the summer of 2019 after "culmination of several years of harassment by the officer." Howard claims that Officer Rihl "threatened to make [his] life miserable while he was 'locked up' because of a physical altercation that occurred at the time of arrest and the hostile exchange of words."

The complaint also alleges that while Howard was detained at the BCP, he was approached by another inmate named "Spade" who told Howard that he was in possession of a form signed by Officer Rihl naming Howard as a confidential informant for the BCP. Howard asserts that the form "circulated throughout [BCP] and became the source of several fights and assaults" against him. As a result, he was placed in punitive segregation. He was later transferred to the Philadelphia Prison System, but the allegation that he was a confidential informant "followed him" resulting in several more fights, assaults and his placement in punitive

segregation. Howard claims that Officer Rihl "create[d] a hostile and dangerous atmosphere" for him within BCP and "acted in a manner with intent to harm or intent to place him unreasonably at risk of harm." Howard seeks injunctive relief that Officer Rihl be "investigated and removed" as a police officer.

### III

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that

the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Twombly, 550 U.S. at 556).

We apply less stringent standards to the pleadings of pro se litigants such as Howard. Haines v. Kerner, 404 U.S. 519, 521 (1972); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

IV

Howard asserts claims against Officer Rihl in both his official and individual capacity. We previously dismissed all claims against Officer Rhil in his official capacity under Section 1915(e)(2)(B). See Doc. No. 6. The "individual capacity" claim against Officer Rihl asserts Section 1983 liability based on a state created danger theory.

To establish a claim under the state created danger theory, a plaintiff must show that: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a

way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.  See Bright v. Westmoreland Cty., 443 F.3d 276, 281 (3d Cir. 2006).

The complaint is devoid of any allegation that Officer Rihl had any responsibility for providing the form that allegedly listed Howard as a confidential informant to the unidentified inmate "Spade."  Officer Rihl's mere signature on the form does not establish that he supplied the form to "Spade" or that his actions were intentional.  In addition, defendant claims that he is entitled to qualified immunity.  Our Court of Appeals has held that a Rule 12(e) motion for a more definite statement should be granted where, as here, the complaint does not disclose the facts underlying a plaintiff's claim for relief so that defendant may be reasonably able to "frame a proper, fact-specific qualified immunity defense."  See Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006).

The Court will deny without prejudice the defendant's motion to dismiss for failure to state a claim and grant defendant's motion under Rule 12(e) for a more definite statement of plaintiff's claims.  Pursuant to Rule 12(e), the Court grants plaintiff 20 days to file such a statement.  If plaintiff fails timely to file a more definite statement, the Court will dismiss this action without prejudice.